UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00402

**Joshua Claxton,**
*Plaintiff,*

v.

**Whitehouse Independent School District,**
*Defendant.*

### OPINION AND ORDER

Plaintiff Joshua Claxton, individually and as guardian of A.C., a minor, filed this pro se civil action against defendant Whitehouse Independent School District for alleged violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment; the Individuals with Disabilities Education Act, 20 U.S.C. §°1400, *et seq.* (IDEA); the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA); and 18 U.S.C. §§ 241, 3283, and 3509. Doc. 1. A little over a month later, in response to a motion to dismiss and for a more definite statement (Doc. 5), plaintiff filed an amended complaint asserting the same claims. Doc. 8. Defendant renewed its motion to dismiss. Doc. 10.

This case was referred to a magistrate judge. Doc. 2. On January 28, 2025, the magistrate judge issued a report and recommendation that the renewed motion to dismiss be granted and that plaintiff's claims be dismissed with prejudice for failure to state a claim. Doc. 17. Plaintiff filed objections to the report. Doc. 20.

The court reviews the objected-to portions of a report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §°636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28

U.S.C. §°636(b)(1) (extending the time to file objections from 10 to 14 days). However, if "objections lack the requisite specificity, then *de novo* review is not required." *Houston v. Director, TDCJ*, No. 6:14-cv-00231, 2017 WL 11606755, at *4 (E.D. Tex. Mar. 27, 2017) (citing *Battle v. U. S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). The court reviews all unobjected-to portions of the report and recommendation only for clear error. *Douglass*, 79 F.3d at 1420.

Plaintiff's seven objections are overruled. First, plaintiff objects to the report's recommendation that his due-process claims should be dismissed for failure to state a claim. Doc. 20 at 2–3. The report recommended dismissal because plaintiff failed to plead an affected constitutional right or, alternatively, plead a sufficient claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Doc. 17 at 10–12. The report reached this conclusion because plaintiff did not assert facts of a widespread custom or practice by defendant that was actually or constructively known by the relevant policymaker, the board of trustees. *Id.*

Plaintiff contends the report erred because A.C., his minor child, has a "constitutional right[] to be free from excessive force and cruel punishment" that was violated by defendant's school staff. Doc. 20 at 2. However, even crediting the alleged violations of constitutional rights that the report liberally credited to plaintiff's pleadings, the complaint fails to state a *Monell* claim. While plaintiff argues that numerous lawsuits against defendant establish a widespread practice known by defendant's board of trustees, Doc. 20 at 2–3, the court agrees with the report that plaintiff's two alleged incidents are insufficient evidence of a custom or policy attributable to a policymaker for defendant. *See Jackson v. Valdez*, 852 F. App'x 129, 135–36 (5th Cir. 2021) (unpublished). Two isolated incidents of the alleged "lion chair method" attributable to the same employee who was later fired by defendant for such a practice does not constitute unconstitutional conduct sufficient for municipal liability under § 1983. *See Peterson v. City of Fort Worth*, 588 F.3d 838, 851–52 (5th Cir. 2009)

(holding that 27 prior reports of excessive force by police officers were insufficient to suggest the existence of an official policy).

Moreover, the court agrees that three post-incident lawsuits are not sufficient evidence that defendant's board of trustees had actual or constructive knowledge of the alleged policy or custom. The lawsuits plaintiff references either concern events years after plaintiff's alleged constitutional deprivations, *see McCollum v. City of Killeen*, No. 6:23-cv-00028, 2024 WL 3434841, at *6 (W.D. Tex. July 1, 2024) (citing *Peterson*, 588 F.3d at 851) (reasoning that subsequent events cannot be "prior indications" of a policy or custom), or fail to establish that the abuses alleged here "have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of [school] employees," *Webster v. City of Houston*, 735 F. 2d 838, 842 (5th Cir. 1984).

Plaintiff's second objection concerns the report's dismissal of his class-of-one equal-protection claim; however, plaintiff merely reiterates the same grounds he asserted to the magistrate judge in response to defendant's motion. *Compare* Doc. 20 at 3 *with* Doc. 12 at 17–18. Importantly, plaintiff does not object to the report's analysis that he failed to show that similarly situated individuals were treated differently by defendant. The court agrees with the report's conclusion that, because plaintiff's pleadings concede that similarly situated students were subject to the same "lion chair method"—where, according to plaintiff, a chair is used to pin a child to the ground or a wall, Doc. 1 at 5—plaintiff has failed to state a claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (explaining that class-of-one equal-protection claims require allegations that the plaintiff was "intentionally treated differently from others similarly situated").

Plaintiff next objects to the report's dismissal of his IDEA claim, arguing that the IDEA's administrative-exhaustion requirement should be excused due to futility. Doc. 20 at 3. Specifically, plaintiff argues that "[s]ystemic issues" make the

- 3 -

IDEA's administrative remedies inadequate. *Id.* But plaintiff's bare allegation that a systemic issue exists is insufficient to excuse the IDEA's exhaustion requirement. Plaintiff has failed to show what the systematic violation is and whether "a hearing officer would have been powerless to correct the alleged IDEA violation had they requested a due process hearing." *Papania-Jones v. Dupree*, 275 F. App'x 301, 304 (5th Cir. 2008) (unpublished) (citing *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 114 (2d Cir. 2004)).

Plaintiff also objects to the report's finding that his ADA claim is time-barred. Doc. 20 at 3. He contends that equitable tolling should apply because defendant withheld critical evidence, which hindered his ability to timely file his claim; thus, the statute of limitations should only begin accruing "from when [he] could fully understand the legal violation." *Id.* But plaintiff does not identify when, in his view, this understanding occurred. Plaintiff admits that he accessed the alleged video-camera footage revealing alleged instances of mistreatment to A.C. before May 12, 2020—when plaintiff requested and was denied a copy of the footage he had already watched—which was four years before the filing of this action. Doc. 8 at 9. This would make his filing deadline May 12, 2022, which he admits he did not comply with. *See Kennemer v. Denton Cnty.*, No. 4:20-cv-00080, 2022 WL 4459881, at *10 (E.D. Tex. Aug. 24, 2022) (noting that Texas's two-year personal-injury statute of limitations applies to claims under Title II of the ADA), *report and recommendation adopted*, 2022 WL 4449320 (E.D. Tex. Sept. 22, 2022). Defendant's denial of a copy of the footage did not prevent plaintiff "in some extraordinary way from asserting" his or A.C.'s rights, because plaintiff had full knowledge of the facts forming the basis of his claim when he first viewed the footage. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006). Accordingly, plaintiff's ADA claim is time-barred.

Plaintiff's fifth objection argues that his FDCPA claim should not be dismissed because the FDCPA protects against harassment and abusive conduct by a "debt collector," even though he does not allege any type of debt collection. Doc. 20 at 4. But plaintiff must allege more than just "abusive behavior"; he must allege that defendant was a "debt collector" under § 1692a *and* that the "abusive behavior" was "in connection with the collection of a debt." 15 U.S.C. § 1692d. Plaintiff has done neither.

Plaintiff's sixth objection argues that the report erred in finding that 18 U.S.C. §§ 3283 and 3509 were not causes of action. Doc. 20 at 4. The court agrees with the report that they are not. Section 3283 is a statute of limitations provision excluding certain prosecutions involving the sexual or physical abuse, or kidnapping of a minor child. *See* 18 U.S.C. § 3283. Section 3509 dictates certain definitions and proper procedures for child-witness testimony in a criminal case. *See* 18 U.S.C. § 3509.

Finally, plaintiff objects to the report's recommended dismissal of his claim under 18 U.S.C. § 241 because he believes the statute provides for civil relief when constitutional violations are "linked to conspiratorial conduct under color of law." Doc. 20 at 4. It does not. Section 241 is a criminal statute that makes it unlawful for two or more persons to "conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States." 18 U.S.C. § 241. The court agrees that a claim by a private citizen under this section is legally frivolous and, thus, the report properly recommended dismissal.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court accepts its findings and recommendation. Plaintiff's objections (Doc. 20) are overruled. The court grants defendant's motion to dismiss (Doc. 10) and dismisses this action with prejudice. Any pending motions are denied as moot.

*So ordered by the court on July 29, 2025.*

_____
J. CAMPBELL BARKER
United States District Judge